UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JACQUES SAINTAUDE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) Civil Action No: SA-13-CA-144-XR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation, filed March 15, 2013, in the above-numbered and styled case. The Magistrate Judge recommends that Petitioner's application for writ of habeas corpus be denied.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on March 15, 2013, and was received on March 19, 2013. No objections have been filed. Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

1

This Court has jurisdiction under 28 U.S.C. § 2241 over petitions for habeas corpus filed by individuals challenging military convictions. *Fletcher v. Outlaw*, 578 F.3d 274, 276 (5th Cir. 2009). However, "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." *Id*. If the military gave full and fair consideration to claims asserted in a federal habeas petition filed by a military prisoner, the petition should be denied. *Id.*

The Magistrate Judge rejected Petitioner's claim of ineffective assistance of counsel premised on the argument that Petitioner's counsel failed to inform him of the immigration consequences of his conviction, noting that *Padilla v. Kentucky*, __ U.S. __ (2010) does not apply to those convicted of a crime (as opposed to those who agree to a plea) and that it is not retroactive. *Chaidez v. United States*, 133 S. Ct. 1103 (2013); *In re Lampton*, 667 F.3d 585 (5th Cir. 2012).

The Magistrate Judge also concluded that Petitioner's claims had been fully and fairly considered in the military court, and that one claim being raised for the first time here was procedurally barred. The Magistrate Judge noted that review of a military conviction is appropriate only if four conditions are met: (1) the claim is of "substantial constitutional dimension;" (2) the issue is legal rather than one of disputed fact determined by a military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards. *Id.* at 278. The Magistrate Judge found that Petitioner had failed to make this showing.

Petitioner did not file objections challenging these conclusions. Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation and DENIES Petitioner's application for writ of habeas corpus.

The Clerk is directed to enter judgment accordingly and to close this case.

It is so ORDERED.

SIGNED this 22nd day of April, 2013.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE